May it please the Court, Jeff Peterson from Appellants Action and Vanguard. I'd like to reserve two minutes for rebuttal. In this case, our clients have appealed because we believe that the District Court erred in dismissing the antitrust claim for lack of personal jurisdiction. We believe that under the Long Arm Statute for the Antitrust Act, the Clayton Act, Section 12, that personal jurisdiction did exist because Section 12 provides for worldwide service of process on a corporate defendant. And that provision has been interpreted in the Ninth Circuit as providing for personal jurisdiction over a corporate defendant in any federal district so long as there are sufficient contacts with the United States as a whole. That has been found sufficient to satisfy the due process requirements of the Fifth Amendment. Furthermore, in the first Ninth Circuit case to take on this issue, Vigman, the Court looked at personal jurisdiction and venue as separate animals. It said personal jurisdiction is the power of the Court to adjudicate, whereas venue deals with the place where this judicial authority will be exercised. The Court there even said that typically a court will address personal jurisdiction first and then move on to venue. To the extent that GoVideo, as the District Court found, is construed as somehow saying that venue requirements must be satisfied in order to exercise personal jurisdiction, well, that would seem to reverse the analysis. You're dealing with venue first there rather than personal jurisdiction. Moreover, any constraint of personal jurisdiction in antitrust cases to be coextensive with venue would really limit the personal jurisdiction provided in Section 12. Because what it would be saying is, although there's worldwide service of process, personal jurisdiction exists in any federal district court, you still can't get that personal jurisdiction unless venue is satisfied. It's a limitation of the service of process statute that seems undue given Vigman. In addition, the ESAB case that Your Honors directed the parties to review in order to prepare on the issue of appended personal jurisdiction, in that case as well, the Court distinguished between personal jurisdiction and venue and of particular importance there. The Court stated that to the extent the defendants had any challenge to venue, its recourse was to challenge it under the venue statutes, not personal jurisdiction. The reason for that, it said, when there's service of process under a federal statute, and here it was nationwide service of process, that the due process concerns are not going to be implicated by venue except in a very, very unusual circumstance. Now, in this case, with respect to this particular defendant, they made only a personal jurisdiction motion. They made no motion for dismissal for Wanda venue, and they made no 1404 change of venue. Am I got that right? That's correct, Your Honor. So the 1404 motion lies in your future if we find jurisdiction. That's correct, Your Honor. Yeah, good luck. Well, it's our contention, Your Honor, that they've waived venue by now challenging it. Yeah, but not 1404. That's correct. But, you know, in this instance, we have a dismissal. At first it was a dismissal with prejudice, and a transfer is one thing, but a dismissal would give us a statute of limitations problems. It's much more problematic. Yeah, right. And I assume that you'd like to keep your state law cause of action in this case? That is correct, Your Honor. And you, therefore, would like to take the you'd like the concept of penitent personal jurisdiction? Very much so, Your Honor. Had you ever heard of it before? I had heard of penitent subject matter jurisdiction, of course. In this case, I believe we seem to lump the two together in our thoughts, that if we were going to have personal jurisdiction over the antitrust, you would clearly have it under the state law claim for malicious prosecution. And the case is cited by the court, especially the Bottafer case, saying that in every circuit court this doctrine has been upheld. We believe it's particularly appropriate here because there is that common nucleus of operative fact, and everything revolves around the lawsuits which gave rise to our antitrust claim and malicious prosecution claim. I kind of hate to have the Ninth Circuit lagging behind those other circuits. Does it make any sense, though? You may have a perfectly legitimate state law claim and a very weak antitrust claim. And in effect, the Worldwide Service would allow you to bring that state law claim in just about anywhere you want it. And it does seem fair, does it? Well, Your Honor, I believe that was addressed in the doctrines of penitent personal jurisdiction in those cases as well, saying that if there is one constitutional case, then really the federal jurisdiction allows for hearing of the state law claim. And it's not a burden on the defendant. And it's a slight burden at best, I believe. It was described in ESAB to hear this other state law claim. Well, how do you say it's not a burden on the defendant? Defendant, you may have a very weak antitrust case, and you're requiring them to try a state court case at a time, where they were not subject to litigation. Well, I believe, Your Honor, based on the doctrines that we've been directed here to, that if there is personal jurisdiction under the antitrust case, and there will be personal jurisdiction on the state law case, if they had chosen to challenge for failure to state a claim on the antitrust, that's a different matter, but that's really not before the court. And that's something that they can address later down the line. But really for purposes here, they've challenged personal jurisdiction, and it seems like the clear rules in the circuit are that they're not going to determine whether personal jurisdiction under the pendant doctrine is appropriate by looking to the substantive law of the state. They look to the common nucleus of operative facts, and they have found that if it does so arise out of that common nucleus, that it's not an additional burden. How could it not be an additional burden? There are probably additional witnesses, additional preparation, and a place where they would not be subject to a process under the State – for the State cause of action. How could it not be an additional burden? And would not – wouldn't it open up a – wouldn't it open up a crack in the entire area of service of process, since if you want to sue someone for a State cause of action, you could conjure up an antitrust claim, sue them in an antitrust action, and attach a State law claim to it. And it seems to me it would cause an awful lot of mischief, wouldn't it? I don't believe that would be the case here, Your Honor. I believe that we do have an antitrust claim that the defendants can challenge if they feel that it's weak, but that under the Clayton Act, we brought our antitrust claim here. We believe we've set it forth properly. And under pendant jurisdiction, I believe it's more proper to say it's a burden on them to bring in witnesses, so forth, to challenge them, but that's something we simply didn't do. Suppose the antitrust case is litigated to a conclusion and it's no cost. Can the Court then go forward with a State court action for which there originally was no jurisdiction? I believe the Botifer case that Your Honors have directed us to answers that question. It actually will be held in the Court, and the Court will retain jurisdiction over the State law claim if a great deal of effort has been put into adjudicating the State law claim before that Federal claim is dismissed. So it's really discretionary with the district judge. That's correct. But in Botifer, it was an abusive discretion to retain jurisdiction, I believe, because they were early on in the process of the case, and the IRS appointed from that action actually dismissed voluntarily the one claim upon which pendant jurisdiction was based. Your Honors, I would also like to point out that on the GoVideo case, also to the extent that it might be read to tie venue requirements into personal jurisdiction, there's a footnote 6 in that case. In that footnote, the GoVideo Court states that it seems an undisputed proposition that venue must exist in order to exercise personal jurisdiction. And they cite a district court case in Nevada for that proposition, which is Wood v. Santa Barbara Chamber of Commerce, 507 F-1128. That case also says extraterritorial service is valid only if venue requirements are met. But interestingly, the case that the Wood court cites for that proposition is Smokies v. Tulsa, 453 F-1265. In the Smokies case, what the court was saying was actually because Section 12 venue requirements were met, personal jurisdiction under a minimum contacts analysis of international shoe would also be met. This case was before some courts started utilizing national contacts, and they went to the old international shoe minimum contacts under the 14th Amendment. Well, I believe the citation to this case is really not appropriate to say you must satisfy venue to have personal jurisdiction, because there the court, Smokies, was saying because you satisfy venue, venue is coextensive with personal jurisdiction. Now personal jurisdiction is moot. And that might have been the case back then when this standard was used. But to sort of elevate that proposition to say that rather than personal jurisdiction becoming moot, you must satisfy venue to even obtain personal jurisdiction via the Clayton Act seems to go too far. And because we believe that the service of process and personal jurisdiction was achieved through the Clayton Act Section 12, we ask that the court vacate the dismissal of the Wolcott of the district court. Thank you. Thank you. Good morning. I'm James Murphy on behalf of the appellant, the Wolcott Rivers Law Firm of Virginia Beach, Virginia. I want to address just briefly the question of personal jurisdiction over this law firm. I would urge this court to adopt the well-reasoned Judge Ray finding that there is an absolute personal jurisdiction, even under the long-arm statute, Section 12 of the Clayton Act. My client is a Virginia-based law firm. Fortuitously, it is a corporation and I guess argumentatively would fall within Section 12 of the Clayton Act. I tried to find a case addressing the issue of professional corporations and whether there is a distinguishing factor in exercising jurisdiction over them. I could not find one. But I think it stands to reason if you have a law corporation that is not licensed to practice law in the State of California, licensed to practice law in the Commonwealth of Virginia, but doesn't practice law anywhere else, GoVideo addresses the question of the Fifth Amendment constitutional due process. And I submit that in this particular case, because my client is limited to Virginia, its activities are limited to Virginia, the venue requirement in this analysis that Judge Ray undertook would show that it's fundamentally unfair to have that law firm appear in this district to defend an antitrust case when it's questionable. I've never heard of a case where before you determine where a venue is to be situated, when you don't first determine whether there's jurisdiction, aren't you putting the cart before the horse? Well, I'm not, Mr. Justice Cowan, but certainly I think the plaintiff or the plaintiff was. In my analysis under GoVideo, the question of fundamental fairness and due process under the Fifth Amendment encompasses the question of venue. And I would submit that absent the antitrust claim and the surface of process nationwide, Walcott Rivers would not be subject to jurisdiction in any fashion in the State of California. We can address the pendant. Aside from Section 12. Right. And the question whether a professional corporation falls within Section 12, and that's another issue that would be addressed. Suppose a corporation is a corporation. What's your best argument, that Section 12 is unconstitutional or what? No, that the district court has to analyze whether it's fundamentally unfair, given venue requirements, both under Section 12 and the general venue statute, to determine whether it's fundamentally unfair to exercise personal jurisdiction in this particular case. But as I mentioned, I've never seen a case where you determine personal jurisdiction based upon what the venue should be. The reasoning seems backwards. It does. But in terms of the Fifth Amendment due process, if you're going to exercise nationwide surface of process and compel someone from the Commonwealth of Virginia to come out here to California, you have to do a full analysis. And that includes whether venue is appropriate or not. No case has ever held that, has there? No, Your Honor. Well, that's interesting. You want us to pioneer. But I would submit to the court that GoVideo somewhat addresses that, and I think Judge Ray correctly interpreted GoVideo to find a lack of personal jurisdiction over the Wolcott Rivers firm. In terms of the pendant jurisdiction, I would agree with you, Justice Calhoun, that it's fundamentally unfair to have the Wolcott Rivers firm defend malicious prosecution action in the State of California, where all activity centered in the Commonwealth of Virginia. And I disagree with counsel to say that this is the same operative facts. One, the first cause of action is for restraint of trade, conspiracy between a law firm and its client to restrain trade. The second cause of action is for malicious prosecution, which is a totally different animal from the Clayton Act restraint of trade. The California law would not be applicable in any event because it was an action that was brought in Virginia and Virginia's law with respect to malicious prosecution. If you could convince the district judge of that, he would have jurisdiction not to entertain personal pendant jurisdiction, wouldn't he? He would have the discretion not to exercise pendant jurisdiction. So if he views the two causes of action as not really common operative facts, or for other reasons, he could decline jurisdiction on the pendant claim. He could. And I think in response to Judge Cowen's earlier question to your friend at the other table, if the district judge thinks that the Federal antitrust claim is terribly weak, that's an additional ground for declining to exercise pendant personal jurisdiction over the State claim. That would be correct, Justice Roberts. Or he could try that first. Well, we could. There's an abundance of law saying that lawyers cannot conspire with their clients to violate the antitrust laws. But we didn't come up on a 12B6 motion. We came up on the basis of lack of personal jurisdiction. A lot of things are changing. You have read the New York Times business section. They're going after the lawyers and involving these big stock brokers and all the rest of them. So, see, law is no longer a profession. It's a business. I appreciate that. As an attorney who represents lawyers, Your Honor, I understand exactly what's going on nationwide. But we're talking about corporate fraud there as opposed to conspiring with your client to violate the antitrust laws. Is there a reason why you did not make simultaneously a motion for dismissal for want of venue? I mean, the motion you made was only for want of jurisdiction. I didn't want an argument that we were waiving our claim that the court did not have personal jurisdiction over the law firm. So I wanted to let it be. Well, but you don't waive that if you make the venue and the jurisdictional argument simultaneously. I understand that. I didn't want to face that argument, however, Your Honor. I see. You don't want to suggest it, let's put it that way. Yeah. Yeah. But the 1404 motion is still available to you, even if we find that Judge Ray made a mistake. As I say, you can still move for transfer. I could, Your Honor. As counsel pointed out in their briefs, the action against my client's client was dismissed in Virginia. So there's no action now pending in Virginia by action in broidery against Atlantic Embroidery. All right. I just want to point out that it would be a great inconvenience for us to have to defend a malicious prosecution action here in the state of California. All of the witnesses are back in the Commonwealth of Virginia. The action was brought there. The action against the government was brought there. But that's an argument you can make to the district court, can't you? I could. Yeah. And, you know, there's always a strong tendency to the district court to not to deal with these state claims. The state claim here, the malicious prosecution case in this particular lawsuit, does not arise out of the same operative facts. It stands alone. And the question is, is it fundamentally fair for us to have to defend a malicious prosecution action in the state of California when everything pertains to a lawsuit that was filed in Virginia? If you could convince the district court of that, he's not going to exercise pendant jurisdiction. Well, that's correct, Your Honor. I mean, I'm very sympathetic to your cause, but I don't know whether this is the right forum to adjudicate that position. Well, then I'll go back to the issue of whether it's fundamentally fair to exercise personal jurisdiction over a law firm that is not capable of transacting business in the state of California. Not capable in the sense of not capable under its lawfully available behavior is different from having actually done something. Now, of course, I'm saying that as an abstract statement. I in no way intend to say that your client did anything that it shouldn't have done. But merely because a law firm is not legally allowed to do something, that doesn't mean it didn't do it. Well, but in terms of the analysis, what activities did that law firm direct against the state of California? By merely suing a corporation that's based in California, one of the other corporations? Yeah. That sounds like an argument that's appropriate for somebody else at some later time. That kind of sounds like 12b-6 to me. Well, it does. But let's talk about fundamental fairness. Well, I mean, it's an argument. It's an argument that maybe should be made to Congress with Section 12. Maybe the problem is with Section 12 or that Section 12 is unconstitutional. As to a law firm, I don't think that Section 12 of the Clayton Act was designed to involve professional corporations. If Wolcott Rivers had been a partnership, the plaintiff would not be able to exercise jurisdiction under Section 12 because it's not a corporation. And it seems fundamentally unfair, and I believe that's what Justice Wray made the determination on, the question of personal jurisdiction. But your firm, your client chose to transact business as a corporation. They chose not to be a partnership. They chose to be a corporation. But that goes back to the argument. A professional corporation is allowed to conduct business where? In the Commonwealth of Virginia. They're not licensed to practice law anywhere else. And unlike a regular corporation that can transact business throughout the United States, so long as it has the appropriate licensing. You know, they tie in with a local law firm, which is just window dressing, and they do all the work. They could, but that's not the case here, Your Honor. Well, we're just talking. You could be admitted pro hoc vicee if you're in out-of-state law, and I've done that on a number of occasions. And I can then be subject to jurisdiction, for example, in Rhode Island where I recently tried a case. I have a feeling Judge Wray will take care of you if we reverse and remand. All right. Thank you, Your Honor. Okay. Your Honor, just briefly. Counsel was discussing the fundamental fairness of having to adjudicate this matter in Virginia. I would submit that under Vigman, which seems to collapse the fairness inquiry into sufficient context with the United States as a whole, that that gives the court personal jurisdiction in any district. That obliviates or does away with any argument that there's some fundamental unfairness in traveling from Virginia. Again, it seems like more of a venue analysis. The court has said that we're dealing with the Fifth Amendment of the Due Process Clause here, not the 14th, and therefore having to adjudicate in a particular state is not going to raise these concerns of unfairness. As for the pendant jurisdiction and the claim that the malicious prosecution cause does not arise of the same operative, the same nucleus of operative facts, rather, we contend that the conspiracy was, in fact, perpetrated through the filing of two lawsuits, one against our clients, one against NEXCOM, the Naval Service Exchange in Virginia, which is a supplier or rather a buyer of embroidery services. The lawsuit was initiated to put a cloud over our clients to obstruct it from obtaining future contracts. In addition to just doing the suit or filing the suit, rather, that there were several other contacts here which were directed towards us. But, again, these contacts don't arise in the terms of the service of process under Section 12. Section 12 is clear, and I agree with Your Honor that you address personal jurisdiction first and then move on to venue. If there is some venue or failure to state a cause of action argument to be made, this is not the forum to make it. We're dealing with personal jurisdiction here. Thank you. Thank you very much. The matter will stand submitted. We'll call the next item. Pagasian versus TMSL, Inc.
judges: Pregerson, Cowen , W. Fletcher